UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL MARCEL CARTER,

       Plaintiff,

v.

DANIEL HEYNS, et al.,

       Defendants.

                                 /

Case No. 1:14-CV-923

Hon. Gordon J. Quist

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On January 28, 2016, Magistrate Judge Ray Kent issued a Report and Recommendation (R & R) in which he recommended that the Court grant Plaintiff's motion to stay a decision on the merits of Defendants' summary judgment motion to allow Plaintiff to engage in discovery, and deny without prejudice Defendants motion for summary judgment.[1] Defendants objected to the R & R, arguing that the magistrate judge misapplied the burden-shifting framework for qualified immunity and erred in concluding that Plaintiff was entitled to discovery. The Court has reviewed the objections de novo, and concludes that the R & R should be adopted.

Defendants' objections essentially boil down to an argument that the magistrate judge misapplied the qualified immunity standard. Defendants argue that Plaintiff should not be permitted discovery because the purpose of qualified immunity is to resolve claims as early as possible during the course of litigation. The case Defendants cite for such proposition, however, arose in the context of a motion to dismiss. *See Johnson v. Moseley*, 790 F.3d 649, 651 (6th Cir. 2015). As Defendants

---

[1] The magistrate judge recommended granting Defendant Gilkey's motion for summary judgment, which was unopposed. For the purposes of this Order, the term Defendants refers to the defendants other than Gilkey.

recognized in the brief supporting their motion for summary judgment, the standards for determining qualified immunity are different depending on whether such defense is raised at the summary judgment or motion to dismiss stage. *See Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S. Ct. 834, 840 (1996) (noting that "the legally relevant factors bearing upon the [qualified immunity] question will be different on summary judgment than on an earlier motion to dismiss"). In determining whether a defendant is entitled to qualified immunity at the summary judgment stage, "the court looks to the evidence before it (in the light most favorable to the plaintiff) in conducting the [qualified immunity] inquiry." *Id.*

In this case, Defendants argued that Plaintiff had failed to support his allegations with sufficient evidence, and Plaintiff responded with a motion to allow him discovery to obtain such evidence. Defendants did not oppose that motion before the magistrate judge, and thus any argument that Plaintiff is not entitled to discovery is waived. *See Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) (noting that parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate"). Moreover, even if such argument were not waived, the Court would reject it. Plaintiff provided a declaration that meets the requirements of Rule 56(d), and Defendants have provided nothing to refute Plaintiff's statements. Accordingly, the Court concludes that Plaintiff is entitled to discovery.

Finally, the magistrate judge did not make any recommendation regarding the merits of Defendants' qualified immunity argument, but simply recommended denying the motion without prejudice to allow discovery to proceed. The Court recognizes that "[o]nce a defendant raises a qualified immunity defense, the burden shifts to the plaintiff to prove that the government official is not entitled to qualified immunity." *Amis v. Twardesky*, No. 14-2449, 2015 WL 8538446, at *2 (6th Cir. Dec. 10, 2015). In lieu of responding to Defendants' argument regarding qualified

immunity in this case, however, Plaintiff requested that he be permitted to seek discovery that would allow him to meet his burden. Given the Court's conclusion that Plaintiff should be permitted to seek such discovery, it need not rule on whether Defendants would have succeeded on their qualified immunity argument.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed January 28, 2016 (ECF No. 56), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion (ECF No. 46) is **GRANTED**. Plaintiff shall be allowed 90 days to engage in discovery as outlined in the R & R.

**IT IS FURTHER ORDERED** that Defendant Gilkey's Motion for Summary Judgment (ECF No. 50) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by Defendants Buchin, McKee, Moran, Norwood, Stoddard, and Vette (ECF No. 25) is **DENIED without prejudice**.

Dated:  March 1, 2016                                    /s/ Gordon J. Quist
                                                                     GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE