UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,

    Plaintiff,

v.                                                                   Case No. 1:14-CV-923

DANIEL HEYNS, *et al.*,                                  HON. GORDON J. QUIST

    Defendants.
_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION IN PART**

Plaintiff Joel Carter is currently an inmate with the Michigan Department of Corrections who suffers from multiple sclerosis. Plaintiff filed a complaint alleging that Defendants (1) subjected Plaintiff to cruel and unusual punishment when they refused to provide Plaintiff with treatment prescribed by a physician; (2) subjected Plaintiff to cruel and unusual punishment by denying him recreation opportunities for 71 days straight; and (3) violated Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 et seq., by denying Plaintiff MDOC programs, services, and activities because of a disability.

On March 13, 2017, Magistrate Judge Ray Kent filed a Report and Recommendation (R & R) recommending this Court deny Plaintiff's motions to stay and Defendants' motion for summary judgment. (ECF No. 98.) Defendants timely filed an objection. (ECF No. 99.) Upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting a de novo review of the R & R, the

Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part.

### *Plaintiff's Failure to File a Brief in Opposition*

The magistrate judge "construe[d] plaintiff's third motion to stay, and previous relevant filings, to constitute his response to defendants' second motion for summary judgment." (ECF No. 98 at PageID.518.) Defendants object to this, and argue that Plaintiff's failure to respond to their motion for summary judgment "should be fatal to his case due to his failure to prosecute the action." (ECF No. 99 at PageID.528.) While Plaintiff did indeed fail to file a brief in opposition to Defendants' motion for summary judgment, "dismissal of 'a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff.'" *Wu v. T.W. Wang*, Inc., 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614–15 (6th Cir.1998)). The Court would consider a separate motion to dismiss for lack of prosecution, but Defendants have not made one and their objection does not make any effort to argue under the appropriate standard.[1]

### *Inadmissible Hearsay*

Defendants' second objection is that the R & R relied on inadmissible hearsay evidence in its analysis, and that Plaintiff has not otherwise "presented any admissible evidence that Dr. Mutschler, or any other mental-health professional, found that he had a serious medical or mental-health need that was not met." (ECF No. 99 at PageID.528.) The R & R cited a portion of the complaint alleging (or swearing) that "Dr. Kathleen Mutschler instructed or proposed that

---

[1] *See Id.* (the Sixth Circuit "consider[s] four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute: '(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.'") (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999)).

[Defendant] Stoddard and [Defendant] Moran waive Plaintiff's Loss of Privileges sanctions for mental health purposes. Defendants refused to do so in direct contravention of Dr. Mutschler's instructions and ICF's operating procedures." (ECF No. 1 at PageID.12-13.) After reviewing the issue de novo, the Court concludes that the magistrate judge erred on different ground.

"A constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994)). "The objective component requires a plaintiff to prove a 'sufficiently serious' medical need, and the subjective component requires a plaintiff to prove that the doctors had a 'sufficiently culpable state of mind.'" *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (quoting *Farmer*, 511 U.S. at 834, 114 S. Ct. at 1977).

> [The Sixth] Circuit recognizes two theories under which a plaintiff can demonstrate the objective component of an Eighth Amendment deliberate indifference claim. First, if a plaintiff suffered from a minor or non-obvious medical condition, he can show that his condition was objectively serious if it is one that has been diagnosed by a physician as mandating treatment. Second, where a plaintiff's claims arise from an injury or illness so obvious that even a layperson would easily recognize the necessity for a doctor's attention, the plaintiff can meet the objective prong by showing that he actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame.

*Mattox v. Edelman*, No. 16-1412, 2017 WL 992510, at *11 (6th Cir. Mar. 15, 2017) (internal quotation marks and citations omitted). In cases that fall into the first category and "involv[e] a claim based on the prison's failure to treat a condition adequately, 'medical proof is necessary to assess whether the delay caused a serious medical injury.'" *Santiago*, 734 F.3d at 591 (quoting *Blackmore*, 390 F.3d at 898).

Plaintiff's Eighth Amendment claim based on denial of medical treatment fails because he has not provided any verifying medical evidence that Defendants' ignoring Dr. Mutschler's instructions "had, in and of itself, any effect on his prognosis." *Bruederle v. Louisville Metro*

3

*Gov't*, 687 F.3d 771, 779 (6th Cir. 2012) (rejecting Eighth Amendment claim where plaintiff did not produce any evidence that failure to provide medication for back pain, resulting in a seizure, resulted in a deterioration of plaintiff's back condition). Thus, Defendants' objection is sustained on different grounds.

### *ADA Claim*

The magistrate judge recommended denial of summary judgment as to Plaintiff's claim under the ADA because Defendants' argument relied on precedent that had been overturned. (ECF No. 98 at PageID.523.) Defendants had argued that "Plaintiff failed to establish that he was discriminated against *solely* because of his disability. Plaintiff was issued LOP sanctions due to his misconduct, not solely due to his mental illness or other disability." (ECF No. 73 at PageID.371.) As the R & R notes, the Sixth Circuit rejected the sole-causation analysis several years prior to the instant case. *See Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012). Defendants' objection now argues that plaintiff has failed to meet the new standard. (ECF No. 99 at PageID.530.)

The "Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, [but], absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998)). The Court actually alerted Defendants to this issue in an earlier R & R. (ECF No. 56 at PageID.291.) Defendants explain that their

> [c]urrent counsel's understanding was that the prior motion for summary judgment had been denied without prejudice so that the plaintiff could engage in discovery. Counsel understood that the prior motion filed by prior counsel simply had to be refiled, which was done with minor changes such as updating exhibit citations.

(ECF No. 99 at pageID.529.) This reason is not compelling and their objection is overruled.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 98) is **ADOPTED** as the opinion of the Court with regard to Plaintiff's Eighth Amendment claim for lack of recreation and Plaintiff's claim under the ADA.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 72) is **GRANTED** only as to Plaintiff's Eighth Amendment claim for denial of medical treatment, but **DENIED** as to Plaintiff's other claims.

**IT IS FURTHER ORDERED** that Plaintiff's motions to stay summary judgment (ECF Nos. 76 & 86) are **DENIED**.

Dated: May 8, 2017  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE